# PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

1285 Avenue of the Americas
New York, NY 10019-6064
+1 212 373 3000

**Joshua Hill**
**Direct Dial:** +1 628 432 5123
**Email:** jhill@paulweiss.com

Brussels
Hong Kong
London
Los Angeles
San Francisco
Tokyo
Toronto
Washington, D.C.
Wilmington

August 7, 2025

<u>Via ECF</u>

The Honorable J. Paul Oetken
United States District Court
Thurgood Marshall United States Courthouse
Courtroom 706
40 Foley Square
New York, NY 10007

Re:     *ZL Technologies, Inc.* v. *Shield Financial Compliance, Inc. et al*, Case No. 1:25-cv-2673-JPO

Dear Judge Oetken:

      We represent Defendant KLDiscovery Ontrack, LLC ("KLDiscovery"), in the above-referenced action. Today, we are filing a Memorandum of Law in Support of KLDiscovery's Motion to Dismiss Plaintiff ZL Technologies' ("ZL") Amended Complaint. Because the Memorandum of Law references and appends as Exhibit 1 an unredacted form of a confidential contract, pursuant to Rule 6(C)(ii), KLDiscovery requests leave to file the unredacted contract under seal. This is necessary because ZL alleges that the redacted version of the agreement, which was appended to the Amended Complaint, is something that it is not. ECF No. 46-1. Whereas the Amended Complaint alleges that it is a contract between ZL and KLDiscovery, it is actually a confidential contract between KLDiscovery and another entity, as will be apparent upon review of the unredacted copy sought to be filed under seal.

      Under *Lugosch* v. *Pyramid Co. of Onondaga*, courts weigh the "common law presumption of access" to judicial documents against "countervailing factors" like the privacy interests of the parties. 435 F.3d 110, 119–20 (2d Cir. 2006). Any presumption of public access can be rebutted, for instance, by the interest in protecting a company's business secrets, or where the public disclosure of a company's confidential business information has the potential to cause competitive injury. *See Lexington Furniture Indus., Inc.* v. *Lexington Co., AB*, 19-CV-6239-PKC, 2021 U.S. Dist. LEXIS 55907, at *5–6 (S.D.N.Y. Mar. 24, 2021)

("[A] valid need to protect the confidentiality of such sensitive business information may be a legitimate basis to rebut the public's presumption of access to judicial documents."); *Sam Dyer & Smr Dyer Farms LLC,* v. *Agri-Mark, Inc.*, 21-CV-1374-GTS, 2022 U.S. Dist. LEXIS 13838, at *6 (N.D.N.Y. Jan. 21, 2022) ("[C]onfidential business internal policies and procedures are appropriately sealed because the public disclosure of such policies has the potential to cause competitive injury.").

Here, any interest in public access in the unredacted contract is outweighed by KLDiscovery's interest in protecting its confidential business information.  The contract governs the business relationship between KLDiscovery and a third party and has no relevance to this case.  As an aside, it is unclear why ZL would represent that the contract is an agreement between KLDiscovery and ZL when clearly it is not.  Moreover, disclosing the identity of this third party would provide information about the terms KLDiscovery provides to certain clients, which has the potential to cause competitive injury by allowing other clients and competitors to compare terms. The contract contains terms for software development and delivery and other information that could help a competitor assess what data solutions the third party requires. Indeed, standing alone, the name of the third party should not be publicized to KLDiscovery's competitors, who may use it as a tool to their own advantage. *United States* v. *Amodeo*, 71 F.3d 1044, 1051 (2d Cir. 1995) ("Commercial competitors seeking an advantage over rivals need not be indulged in the name of monitoring the courts . . . ."); *Encyclopedia Brown Prods., Ltd*. v. *Home Box Off.*, 26 F. Supp. 2d 606, 614 (S.D.N.Y. 1998) ("Confidential business information dating back even a decade or more may provide valuable insights into a company's current business practices that a competitor would seek to exploit.").

For the reasons set forth above, KLDiscovery respectfully requests that the Court grant its motion to seal and allow KLDiscovery to file Exhibit 1 to its Declaration of Joshua Hill under seal.

Respectfully submitted,

*/s/ Joshua Hill*
PAUL, WEISS, RIFKIND,
  WHARTON & GARRISON LLP
Joshua Hill
jhill@paulweiss.com
1285 Avenue of the Americas
New York, NY 10019-6064
Tel:  (628) 432-5123
Fax: (628) 232-3090

*Attorneys for Defendant KLDiscovery Ontrack, LLC*