UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ZL TECHNOLOGIES, INC., | Case No. 1:25-cv-02673-JPO |
| Plaintiff, | |
| - against - | **ORAL ARGUMENT REQUESTED** |
| KLDISCOVERY ONTRACK, LLC; SHIELD FINANCIAL COMPLIANCE, LTD.; SHIELD FINANCIAL COMPLIANCE, INC.; and AARON GARDNER, | |
| Defendants. | |

**DEFENDANT SHIELD FINANCIAL COMPLIANCE, LTD.'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF ITS MOTION TO DISMISS THE FIRST AMENDED COMPLAINT WITH PREJUDICE PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(b)(2) and 12(b)(6)**

Z<small>EICHNER</small> E<small>LLMAN</small> & K<small>RAUSE</small> LLP
730 Third Avenue
New York, New York 10017
Telephone: (212) 223-0400

## TABLE OF CONTENTS

TABLE OF AUTHORITIES .................................................................................................................... ii

PRELIMINARY STATEMENT ............................................................................................................1

ARGUMENT ..........................................................................................................................................1

I.    ZL STILL CANNOT MEET ITS BURDEN OF SHOWING THAT THE COURT HAS GENERAL OR SPECIFIC JURISDICTION OVER SHIELD ISRAEL ...................................................................................................................1

    A.    The Court Still Lacks General Personal Jurisdiction Over Shield Israel...................................................................................................................1

    B.    The Court Still Lacks Specific Personal Jurisdiction Over Shield Israel...................................................................................................................2

        1.    There is No Personal Jurisdiction Under CPLR § 302(a)(1) Because ZL Does Not Plead Facts Showing that Shield Israel Transacts Business or Contracts to Supply Goods or Services Within New York ........................................................................................2

        2.    There is No Personal Jurisdiction Under CPLR § 302(a)(2) Because ZL Does Not Plead Facts Showing a Tortious Act Within New York by Shield Israel ........................................................................4

        3.    There is No Personal Jurisdiction Under CPLR § 302(a)(3) Because, Among Other Things, ZL Does Not Plead Facts Showing Shield Israel Committed Any Tortious Act Outside New York That Caused Injury In New York ........................................................................5

        4.    ZL Fails to Meet Its Burden of Proving That Forcing Shield Israel to Litigate in New York Comports with Due Process ........................................................................6

II.    ZL'S BALD SPECULATION THAT SHIELD ISRAEL "MAY HAVE" COMMITTED ACTS OF INFRINGEMENT IN THE UNITED STATES DOES NOT SAVE ZL'S LANHAM ACT CLAIM ........................................................................7

III.    THE COURT SHOULD DENY ZL'S GENERIC REQUEST FOR UNSPECIFIED "JURISDICTIONAL DISCOVERY" ........................................................................8

CONCLUSION ........................................................................................................................................9

## TABLE OF AUTHORITIES

**Cases**                                                                                    Page(s)

*Abitron Austria GmbH v. Hetronic Int'l, Inc*,
  600 U.S. 412 (2023) ...................................................................................................7

*America/Intl. 1994 Venture v. Mau*,
  146 A.D.3d 40 (2d Dep't 2016) ..............................................................................4, 5

*AmTrust Fin. Servs. v. Lacchini*,
  260 F. Supp. 3d 316 (S.D.N.Y. 2017) ........................................................................3

*Applied Rsch. Invs., LLC v. Mark Lin*,
  2025 U.S. Dist. LEXIS 59095 (S.D.N.Y. Mar. 28, 2025) ..........................................8

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ...................................................................................................7

*Bergrin v. U.S.*,
  2022 U.S. Dist. LEXIS 56029 (S.D.N.Y. Mar. 28, 2022) ..........................................6

*Bonhac World Corp. v. Mellin Works LLC*,
  2023 U.S. Dist. LEXIS 10309 (S.D.N.Y. Jan. 20, 2023) ...........................................4

*Bowers v. Grupo Televisa, S.A.B.*,
  2025 U.S. Dist. LEXIS 30852 (S.D.N.Y. Feb. 21, 2025) ...........................................5

*Calder v. Jones*,
  465 U.S. 783 (1984) ...................................................................................................3

*Celine S.A. v. Hongkong CSSBuy E-Commerce Co.*,
  2024 U.S. Dist. LEXIS 197474 (S.D.N.Y. Oct. 30, 2024) .........................................7

*Daou v. BLC Bank, S.A.L.*,
  42 F.4th 120 (2d Cir. 2022) .......................................................................................8

*Fischbarg v. Doucet*,
  9 N.Y.3d 375 (2007) ...............................................................................................3, 4

*Goodyear Dunlop Tires Operations, S.A. v. Brown*,
  564 U.S. 915 (2011) ...................................................................................................1

*In re Ski Train Fire in Kaprun*,
  230 F. Supp. 2d 403 (S.D.N.Y. 2002) ........................................................................3

*INS v. Phinpathya*,
  464 U.S. 183 (1984) ...................................................................................................6

*JAPNA, Inc. v. Selfx Innovations Inc.*,
  2024 U.S. Dist. LEXIS 52774 (S.D.N.Y. Mar. 22, 2024) ..........................................2

*Jazini by Jazini v. Nissan Motor Co.*,
   148 F.3d 181 (2d Cir. 1998) ..........................................................................2, 3, 8, 9

*Kulhawik v. Holder*,
   571 F.3d 296 (2d Cir. 2009) ..........................................................................................6

*Lehigh Valley Indus., Inc. v. Birenbaum*,
   527 F.2d 87 (2d Cir. 1975) ............................................................................................5

*Lesser v. TD Bank, N.A.*,
   2020 U.S. Dist. LEXIS 71416 (S.D.N.Y. Apr. 23, 2020) ........................................5, 6

*Omari v. Dechert LLP*,
   2025 U.S. App. LEXIS 14064 (2d Cir. June 9, 2025) ...................................................3

*Parker v. Bursor*,
   2024 U.S. Dist. LEXIS 212206 (S.D.N.Y. Nov. 21, 2024) ...........................................8

*Ramirez v. Temin & Co.*,
   2021 U.S. Dist. LEXIS 183760 (S.D.N.Y. Sept. 24, 2021) ..........................................1

*Romero v. 88 Acres Foods, Inc.*,
   580 F. Supp. 3d 9 (S.D.N.Y. 2022) ...............................................................................4

*Scheuer v. Schwartz*,
   42 A.D.3d 314 (1st Dep't 2007) ....................................................................................4

*Simonson v. Olejniczak*,
   2023 U.S. App. LEXIS 8950 (2d Cir. Apr. 14, 2023) ...................................................3

*Sonera Holding B.V. v. Cukurova Holding A.S.*,
   750 F.3d 221 (2d Cir. 2014) ..........................................................................................2

*Struna v. Leonardi*,
   626 F. Supp. 3d 657 (S.D.N.Y. 2022) ...........................................................................5

*U.S. v. Lysaght*,
   2018 U.S. Dist. LEXIS 193707 (S.D.N.Y. Nov. 14, 2018) ...........................................6

*Winter v. Stronghold Digit. Mining, Inc.*,
   686 F. Supp. 3d 295 (S.D.N.Y. 2023) ........................................................................1, 2

**Statutes**

28 U.S.C. § 1367 ....................................................................................................................7

CPLR § 302 ................................................................................................................ *passim*

**PRELIMINARY STATEMENT**

In its moving papers, Shield Israel[1] showed (i) the Court lacks general or specific personal jurisdiction over it; (ii) Shield Israel's business activities fell outside the territorial reach of the Lanham Act; and (iii) ZL's copious use of impermissible group pleading was an independent basis for dismissing the FAC. *See* ECF Nos. 58-61. As discussed below, ZL's opposition [ECF No. 82] fails to successfully rebut these fatal deficiencies, mandating Shield Israel's dismissal as a defendant. Further, the Court should deny ZL's last-ditch generic request for unspecified "jurisdictional discovery" because ZL has failed to make a prima facie showing of jurisdiction, much less convincingly address the many non-jurisdictional failures that riddle its FAC.[2]

**ARGUMENT**

**I.    ZL STILL CANNOT MEET ITS BURDEN OF SHOWING THAT THE COURT HAS GENERAL OR SPECIFIC JURISDICTION OVER SHIELD ISRAEL**

**A.    The Court Still Lacks General Personal Jurisdiction Over Shield Israel**

There is no general personal jurisdiction here because – as an Israeli corporation with its principal place of business in Ramat Gan, Israel (FAC ¶ 5; Divald Decl.[3] [ECF No. 59] ¶ 3) – Shield Israel is not "essentially at home" in New York. *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011). ZL essentially concedes this point by not really addressing it in its opposition. *See Ramirez v. Temin & Co.,* 2021 U.S. Dist. LEXIS 183760, at *28 n.2 (S.D.N.Y. Sept. 24, 2021) ("plaintiff's failure to address an issue in its opposition raised by its adversary amounts to a concession or waiver of the argument"); *Winter v. Stronghold Digit. Mining, Inc.*, 686

---

[1] Unless otherwise defined, defined terms in this Reply shall have the same meaning as those stated in Shield Israel's moving brief [ECF No. 61].

[2] Shield Israel also adopts and joins, to the extent applicable, the arguments raised in its co-defendants' replies.

[3] Gadi Divald is the Chief Financial Officer of Shield Israel. Divald Decl. ¶ 1.

1

F. Supp. 3d 295, 312 (S.D.N.Y. 2023) (plaintiff "conced[ed] the point by silence").

The closest ZL comes to arguing general personal jurisdiction is its bald contention that Shield Israel has "a continuing relationship with a New York based party." ZL Opp. at 5. However, that is not the standard for general jurisdiction. Rather, it requires "a continuous and systematic *course of doing business in New York*" such that a "finding of its presence in New York is warranted." *Sonera Holding B.V. v. Cukurova Holding A.S.*, 750 F.3d 221, 224 (2d Cir. 2014) (emphasis added). No such "systematic course of business" is pled in the FAC. Indeed, as discussed in Point I.B below, ZL does not even plead facts of a "continuing relationship" between Shield Israel and "a New York based party." ZL "cannot survive a motion to dismiss by pleading only conclusory non-fact-specific jurisdictional allegations." *JAPNA, Inc. v. Selfx Innovations Inc.*, 2024 U.S. Dist. LEXIS 52774, *9 (S.D.N.Y. Mar. 22, 2024).

### B. The Court Still Lacks Specific Personal Jurisdiction Over Shield Israel

ZL has failed to adduce facts showing that this Court has specific personal jurisdiction over Shield Israel under CPLR § 302(a)(1), (a)(2), or (a)(3),[4] or that exercising personal jurisdiction over Shield Israel in New York would not offend due process.

#### 1. There is No Personal Jurisdiction Under CPLR § 302(a)(1) Because ZL Does Not Plead Facts Showing that Shield Israel Transacts Business or Contracts to Supply Goods or Services Within New York

ZL erroneously claims Shield Israel "transacts business in New York" through Shield Delaware. ZL Opp. at 3. This newly minted allegation is dehors the record. "Shield Delaware was incorporated to sell Shield products in the United States to U.S. customers" and does so. Divald Decl. ¶¶ 8-9. It is perfectly proper for a "foreign corporation [to have] carefully structured its

---

[4] ZL does not contend personal jurisdiction exists under CPLR § 302(a)(4), which requires ownership, use, or possession of real property in New York,

business so as to separate itself from the operation of its wholly owned subsidiaries in the United States." *Jazini by Jazini v. Nissan Motor Co.*, 148 F.3d 181, 185-86 (2d Cir. 1998); *In re Ski Train Fire in Kaprun*, 230 F. Supp. 2d 403, 412 (S.D.N.Y. 2002) (same). Moreover, ZL cannot simply take Shield Delaware and impute its actions to Shield Israel. "Each defendant's contacts with the forum … must be assessed individually." *AmTrust Fin. Servs. v. Lacchini*, 260 F. Supp. 3d 316, 326-27 (S.D.N.Y. 2017) (quoting *Calder v. Jones*, 465 U.S. 783, 790 (1984)). ZL's few efforts to adduce purported facts showing *Shield Israel* transacts business in New York all fail:

- ZL contends Shield Israel formed "a continuing relationship with a New York based party" (ZL Opp. at 5), but KLD is a *Delaware* company with its principal place of business in *Minnesota* (FAC ¶ 4); Gardner is a Shield *Delaware* employee (Weitzman Decl. ¶¶ 8-11[5]; Divald Decl. ¶¶ 10-11); and Client is a *Europe-based* financial institution (Weitzman Decl. ¶ 12).[6]

- ZL contends KLD has a New York office (FAC ¶ 4), but ZL never alleges facts showing Shield Israel did anything with that New York office.

- ZL contends Shield Israel participated in some alleged meetings with KLD (FAC ¶ 45), but never alleges those meetings were in New York. *See also Omari v. Dechert LLP*, 2025 U.S. App. LEXIS 14064, *4-5 (2d Cir. June 9, 2025) (allegations that "pleaded a legal conclusion – certain meetings in New York were connected to the scheme in the manner relevant for personal jurisdiction –" were insufficient to establish personal jurisdiction).

- ZL contends the SDLSA has a New York choice of law provision, but the SDLSA is between KLD and Client (neither ZL nor Shield are signatories or parties to that agreement). FAC, Ex. 1 at p. 4. Likewise, ZL's relationship with KLD was not "governed by New York law" as ZL asserts (ZL Opp. at 5), but by Delaware law. *See* KLD-ZL Private Label License Agreement (FAC, Ex. 2) at § 10.5 (Delaware choice of law provision).

All ZL offers this Court are conclusory allegations, not the required specific facts of a New York transaction by Shield Israel. *Fischbarg v. Doucet*, 9 N.Y.3d 375 (2007) (specific facts pled

---

[5] Shiran Weitzman is the sole Director of Shield Delaware. Weitzman Decl. ¶ 1.

[6] ZL notes the Shield declarations "are mute on whether Shield Israel played a role in [Gardner's] recruitment." ZL Opp. at 4. But it is ZL who bears the burden of alleging facts showing jurisdiction. *See Simonson v. Olejniczak*, 2023 U.S. App. LEXIS 8950, *2 (2d Cir. Apr. 14, 2023). It is not Shield's responsibility to rebut jurisdiction.

showing defendant hired, and communicated with, its New York attorney); *Scheuer v. Schwartz*, 42 A.D.3d 314, 316 (1st Dep't 2007) (specific facts pled showing ten trips to New York over nine months). Finally, ZL's concluding speculation – that there "must have been multiple such New York-based transactions" involving Shield Israel (ZL Opp. at 6) – asks the Court to infer facts alleged nowhere in the FAC. The Court should not do so.

Because ZL fails to allege facts showing Shield Israel did anything in New York, ZL also fails to meet its burden of alleging facts of "an articulable nexus, or a substantial relationship, between the claim asserted and the actions that occurred in New York." *Romero v. 88 Acres Foods, Inc.*, 580 F. Supp. 3d 9, 15 (S.D.N.Y. 2022). While ZL points to "Shield Israel's sale of its Nebula product" (ZL Opp. at 6), ZL never alleges a single sale by Shield Israel in New York. The only RFPs or sales identified in the FAC are those with Client, a Europe-based financial institution. FAC ¶¶ 1, 60-61. As to Client, "Shield Israel sells Shield products to Client in Europe," not New York. Divald Decl. ¶ 16; *accord id.* ¶¶ 3-17.

### 2. There is No Personal Jurisdiction Under CPLR § 302(a)(2) Because ZL Does Not Plead Facts Showing a Tortious Act Within New York by Shield Israel

Because CPLR § 302(a)(2) is tort-based, "a defendant's physical presence in New York is a prerequisite to jurisdiction under § 302(a)(2)." *Bonhac World Corp. v. Mellin Works LLC*, 2023 U.S. Dist. LEXIS 10309, *8 (S.D.N.Y. Jan. 20, 2023). ZL expressly admits, however, that "Shield Israel was not alleged to have been present in New York State." ZL Opp. at 8. ZL cannot cure this fatal admission by pointing to the alleged tortious actions in New York of KLD and Gardner. *Id.* First, ZL does not allege any specific tortious act within New York by KLD or Gardner. *See, generally,* FAC. Second, ZL alleges no facts showing that either KLD or Gardner functioned as Shield Israel's agents. Particularly missing is any allegation in the FAC that Shield Israel "exercised control" over Gardner or KLD. *See, e.g., America/Intl. 1994 Venture v. Mau*, 146

4

A.D.3d 40, 49 (2d Dep't 2016) (no personal jurisdiction in New York where agreement at issue gave Illinois resident no control over alleged New York corporation/agent).

Nor is there a conspiracy between the co-defendants – a new allegation ZL improperly now invents. *See, e.g., Lesser v. TD Bank, N.A.*, 2020 U.S. Dist. LEXIS 71416, *29-30 (S.D.N.Y. Apr. 23, 2020) ("party opposing a motion to dismiss cannot amend its complaint by making new factual allegations in a memorandum of law opposing that motion"). Here too, ZL utterly fails to allege that "the co-conspirators in New York acted at the behest of or on behalf of, or under the control of" Shield Israel. *Struna v. Leonardi*, 626 F. Supp. 3d 657, 670-71 (S.D.N.Y. 2022) (declining to find co-conspirator jurisdiction where pleading failed to plausibly allege facts demonstrating one defendant controlled the other). ZL's reliance on *Lehigh Valley Indus., Inc. v. Birenbaum*, 527 F.2d 87 (2d Cir. 1975), is misplaced. In *Lehigh*, the court noted the pleading contained "no allegations of specific facts which would connect [defendant] with any New York activity," and held "the bland assertion of conspiracy or agency is insufficient to establish jurisdiction for the purposes of section 302(a)(2)." 527 F.2d at 93-94. The same result – no 302(a)(2) jurisdiction – is called for here.

        **3.**        **There is No Personal Jurisdiction Under CPLR § 302(a)(3) Because, Among Other Things, ZL Does Not Plead Facts Showing Shield Israel Committed Any Tortious Act Outside New York That Caused Injury In New York**

CPLR § 302(a)(3) permits courts to exercise personal jurisdiction over a non-domiciliary

> who commits a tortious act without the state causing injury to person or property within the state if the nondomiciliary (i) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or (ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce.

*Bowers v. Grupo Televisa, S.A.B.*, 2025 U.S. Dist. LEXIS 30852, at *15 (S.D.N.Y. Feb. 21, 2025); CPLR § 302(a)(3).

5

The only injury alleged in the FAC is injury to ZL. FAC ¶¶ 1, 59-62. ZL is a California corporation with its principal place of business in California. FAC ¶ 2. ZL has no New York office. *See* https://www.zlti.com/contact-us/. With no pled facts of New York injury, no personal jurisdiction exists under CPLR § 302(a)(3).

ZL contends jurisdiction still is appropriate under CPLR § 302(a)(3) because ZL's asserted technology was "held or misappropriated" in New York. ZL Opp. at 10. However, there are no pled facts in the FAC showing that the alleged (but untrue) misappropriation and unfair competition by Shield Israel took place in New York. ZL cannot successfully use its opposition brief to manufacture jurisdiction by making new factual allegations not in its FAC. *See Lesser*, 2020 U.S. Dist. LEXIS 71416, at *29-30; *Kulhawik v. Holder*, 571 F.3d 296, 298 (2d Cir. 2009) ("An attorney's unsworn statements in a brief are not evidence.") (citing *INS v. Phinpathya*, 464 U.S. 183, 188-89 n.6 (1984)); *U.S. v. Lysaght*, 2018 U.S. Dist. LEXIS 193707, *2 n.1 (S.D.N.Y. Nov. 14, 2018) (same).

### 4. ZL Fails to Meet Its Burden of Proving That Forcing Shield Israel to Litigate in New York Comports with Due Process

In its moving brief, Shield Israel explained that ZL had failed to establish that Shield Israel had sufficient minimum contacts with New York and that each of the five "reasonableness" factors for determining "fair play and substantial justice" weighed strongly in favor of dismissing Shield Israel from this action. *See* Shield Israel Br. [ECF No. 61] at 14-16. In its opposition, ZL makes no meaningful attempt to proffer facts showing how Shield Israel purposefully availed itself of New York, or what "minimum contacts" exist "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Bergrin v. U.S.*, 2022 U.S. Dist. LEXIS 56029, *29 (S.D.N.Y. Mar. 28, 2022). *See* ZL Opp. at 7. Merely asserting, *ipse dixit*, that ZL has "shown Shield Israel's purposeful availment of New York" does not make it so, nor meet

ZL's burden of proof on the issue. *Id.* ZL's attempt to sue Shield Israel in New York fails for this reason too.

## II. ZL'S BALD SPECULATION THAT SHIELD ISRAEL "MAY HAVE" COMMITTED ACTS OF INFRINGEMENT IN THE UNITED STATES DOES NOT SAVE ZL'S LANHAM ACT CLAIM

The Lanham Act does not extend to infringement outside the United States. *Abitron Austria GmbH v. Hetronic Int'l, Inc*, 600 U.S. 412, 422-23 (2023); *Celine S.A. v. Hongkong CSSBuy E-Commerce Co.*, 2024 U.S. Dist. LEXIS 197474, *11 (S.D.N.Y. Oct. 30, 2024). ZL's only response to this established law is to aver that "it *seems equally plausible* that given Shield Israel's continued presence/relationships in the United States, that Shield [Israel] *may have committed* such actions from the United States." ZL Opp. at 11 (emphases added). This raw speculation does not save ZL's Lanham Act claim.

A claim is only "plausible" under Rule 12(b)(6) "when the plaintiff pleads factual content that allows the court to draw [a] reasonable inference." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). ZL, however, pleads no facts in its FAC showing Shield Israel committed acts of infringement in the United States. The only infringing Shield Israel sales alleged in the FAC are to Client, a Europe-based financial institution, with no allegation those sales took place anywhere in the U.S. *See* FAC ¶¶ 1, 59-61. ZL's failure to plead supporting facts of domestic conduct is unsurprising. "Shield Israel sells Shield products to Client in Europe." Divald Decl. ¶ 16. Further, Shield Israel "conducts its business operations from Israel" and "[a]ll of [its] employees are located in Israel." *Id.* ¶¶ 4-5.

With the federal Lanham Act claim dismissed, the Court should decline supplemental jurisdiction over the two remaining New York state claims. *See* 28 U.S.C. § 1367(c)(2)-(3).

## III. THE COURT SHOULD DENY ZL'S GENERIC REQUEST FOR UNSPECIFIED "JURISDICTIONAL DISCOVERY"

It "is typically within its [a court's] discretion to deny jurisdictional discovery when the plaintiff [has] not made out a prima facie case for jurisdiction." *Daou v. BLC Bank, S.A.L.*, 42 F.4th 120, 133 n.6 (2d Cir. 2022); *Applied Rsch. Invs., LLC v. Mark Lin*, 2025 U.S. Dist. LEXIS 59095, at *6 (S.D.N.Y. Mar. 28, 2025) (recognizing that a court "need not grant discovery to allow plaintiff to engage in an unfounded fishing expedition for jurisdictional facts"); *Parker v. Bursor*, 2024 U.S. Dist. LEXIS 212206, at *7 (S.D.N.Y. Nov. 21, 2024) ("conclusory non-fact specific jurisdictional allegations" insufficient to justify jurisdictional discovery).

ZL contends that discovery should take place to determine whether "New York may also be the *shared* province of Shield Israel," contending this is a disputed fact requiring additional inquiry. ZL Opp. at 12 (emphasis in original). ZL is wrong. The sworn declarations provided to the Court are unambiguous: As expressly intended, New York is exclusive to Shield Delaware. *See* Divald Decl. ¶¶ 8-9 ("Shield Delaware was incorporated to sell Shield products in the United States to U.S. customers," and "[a]s intended, Shield Delaware attends to U.S. clients."); Weitzman Decl. ¶¶ 4, 7 ("Shield Delaware was incorporated to sell Shield products in the United States to U.S. customers," and "New York business activities are the province of Shield Delaware.").

That the Shield Defendants are both Shield entities does not justify the fishing expedition ZL seeks. A prima facie case of jurisdiction still must be established first. As the Second Circuit explained in *Jazini*:

> If the Jazinis' allegations were sufficient to establish a prima facie case of jurisdiction over Nissan Japan, and thus subject the latter to discovery … it would not be difficult for a plaintiff suing a multinational foreign corporation in the federal courts in New York to make similar conclusory non-fact-specific jurisdictional allegations and thus obtain extensive discovery on that issue. This would require the federal courts to conduct substantial jurisdictional discovery over foreign

8

> corporations -- a practice in which they have not hitherto engaged. We decline to require that step.
>
> …
>
> We recognize that without discovery it may be extremely difficult for plaintiffs in the Jazinis' situation to make a prima facie showing of jurisdiction over a foreign corporation that they seek to sue in the federal courts in New York. That, however, is the consequence of the problems inherent in attempting to sue a foreign corporation that has carefully structured its business so as to separate itself from the operation of its wholly-owned subsidiaries in the United States -- as it properly may do. The rules governing establishment of jurisdiction over such a foreign corporation are clear and settled, and it would be inappropriate for us to deviate from them or to create an exception to them because of the problems plaintiffs may have in meeting their somewhat strict standard.

148 F.3d at 185-86.

That ZL's request is pro-forma and hollow – and should be denied – is demonstrated by the fact that ZL has no idea what discovery it needs or would seek, brazenly stating its scope "can be worked out between counsel for Plaintiff and Shield Israel." ZL Opp. at 13. Shield Israel should not be required to undertake the burden and expense of discovery on such a wing and a prayer. This is particularly true where ZL's FAC is riddled with so many other fatal, irreparable flaws as to the Shield Defendants.

## **CONCLUSION**

For these reasons, and those set forth in all the prior briefing in support of Defendants' respective motions to dismiss, the Court should (i) dismiss the FAC as to Shield Israel with prejudice; and (ii) grant Shield Israel such further relief as the Court deems just.

Dated: September 12, 2025
      New York, New York         Respectfully submitted,

                                             */s/ Yoav M. Griver*
                                             Yoav M. Griver
                                             Scott B. Brenner
                                             ZEICHNER ELLMAN & KRAUSE LLP
                                             730 Third Avenue
                                             New York, New York 10017

*Attorneys for Defendants Shield Financial Compliance, Ltd. and Shield Financial Compliance, Inc.*

## CERTIFICATE OF COMPLIANCE WITH
## TYPEFACE AND WORD COUNT LIMITATIONS

This document complies with the type-volume limit of EDNY-SDNY Joint Local Rule 7.1 because, excluding the parts of the document exempted by that rule, it contains **3075** words.

This document complies with the typeface requirements of EDNY-SDNY Joint Local Rule 7.1 because it has been prepared with one-inch margins in a proportionally spaced typeface using Microsoft Word in 12-point font in Times New Roman type style.

Dated: September 12, 2025
New York, NY

*/s/ Yoav M. Griver*
Yoav M. Griver