UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————————
ZL TECHNOLOGIES, INC.,

                      Plaintiff,

       -v-

SHIELD FINANCIAL COMPLIANCE,
INC., *et al.*,

                      Defendants.
———————————————————————

25-CV-2673 (JPO)

MEMORANDUM AND ORDER

J. PAUL OETKEN, District Judge:

Plaintiff ZL Technologies, Inc. ("ZL") brings this action against Defendants Shield

Financial Compliance, Inc. ("Shield Delaware"), Shield Financial Compliance Ltd. ("Shield

Israel"), KLDiscovery Ontrack LLC ("KLDiscovery"), and Aaron Gardner ("Gardner")

(collectively "Defendants") for relief relating to Defendants' alleged misappropriation of ZL's

"big data" platform.  (ECF No. 46 ¶ 1.)  Gardner and KLDiscovery moved to dismiss ZL's

original complaint on June 17, 2025.  (ECF Nos. 34, 36.)  ZL then filed an Amended Complaint

on July 8, 2025 (ECF No. 46 ("FAC")), which Defendants again moved to dismiss on August 7,

2025 (ECF Nos. 56, 58, 62, 65).  ZL now seeks leave to file a Second Amended Complaint

("SAC").  (ECF No. 92.)  For the reasons that follow, ZL's motion for leave to amend is granted

and Defendants' motions to dismiss are denied as moot.

## I.     Background

ZL is a technology company that provides "big data" software services to clients with

large amounts of data so that each client can meet various judicial, regulatory, and compliance

requirements.  (FAC ¶ 14.)  In the early aughts, ZL entered as a subcontractor into a Software

Development License and Services Agreement and a Private Label License Agreement with

Defendant KLDiscovery to provide services for a common client (the "Client"); KLDiscovery

eventually became the principal point of contact between ZL and the Client.  (*Id*. ¶¶ 11, 27, 33.)

ZL alleges that KLDiscovery and Aaron Gardner, a former high-ranking KLDiscovery

employee, later misappropriated ZL's proprietary technology to aid Shield Israel's own software

development.  (*Id*. ¶¶ 34, 51-54.)  ZL claims that this interfered with its commercial

opportunities and relationship with the Client.  (*Id*. ¶¶ 56-61.)  In the operative complaint, ZL

asserts claims against all Defendants for false designation of origin, unfair competition by

misappropriation, and unfair competition by creating confusion or mistake.  (*Id*. ¶¶ 63-87.)  ZL

also asserts a breach-of-contract claim against KLDiscovery.  (*Id*. ¶¶ 88-101.)

On March 20, 2026, before the Court had entered any kind of scheduling order, ZL

moved for leave to file its SAC.  (ECF No. 92.)  The proposed SAC removes former Count I

(false designation of origin) and former Count III (unfair competition by confusion and mistake)

and brings an additional claim under the Defend Trade Secrets Act ("DTSA").  (ECF No. 93

¶¶ 4-5.)  ZL also separates its former breach-of-contract claim against KLDiscovery into a

breach-of-confidentiality claim and a non-payment claim.  (*Id*. ¶ 6.)  On April 17, 2026,

Defendants opposed the motion on the grounds of undue delay, undue prejudice, and futility

(ECF No. 98 ("Opp.")), and on May 4, 2026, ZL filed its reply (ECF No. 104 ("Reply")).

## II.      Legal Standard

"Federal Rule of Civil Procedure 15(a)(2) provides that after a party amends its

complaint once as a matter of course, it 'may amend its pleading [on subsequent occasions] only

with the opposing party's written consent or the court's leave.  The court should freely give leave

when justice so requires.'"  *McCracken v. Verisma Sys., Inc.*, 91 F.4th 600, 609 (2d Cir. 2024)

(alteration in original) (quoting Fed. R. Civ. P. 15(a)(2)).  That said, "motions to amend should

generally be denied in instances of futility, undue delay, bad faith or dilatory motive, repeated

failure to cure deficiencies by amendments previously allowed, or undue prejudice to the non-moving party." *Burch v. Pioneer Credit Recovery, Inc.*, 551 F.3d 122, 126 (2d Cir. 2008) (per curiam). In determining what constitutes prejudice, a court considers whether the inclusion of the new claim would "(i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; (ii) significantly delay the resolution of the dispute; or (iii) prevent the plaintiff from bringing a timely action in another jurisdiction." *Block v. First Blood Assocs.*, 988 F.2d 344, 350 (2d Cir. 1993). "Leave to amend may be denied on grounds of futility if the proposed amendment fails to state a legally cognizable claim or fails to raise triable issues of fact." *AEP Energy Servs. Gas Holding Co. v. Bank of Am., N.A.*, 626 F.3d 699, 726 (2d Cir. 2010).

## III.    Discussion

Defendants contend that ZL's motion is purely tactical, untimely, unduly prejudicial, and futile. (*See generally* Opp.) Specifically, Defendants argue that ZL's motion was filed "solely to gain a tactical advantage," and that the acquisition of new counsel "is not a sufficient basis for amendment." (*Id.* at 12 (quotation marks omitted).) ZL, however, explains that it seeks leave to amend because it has gained a fuller understanding, in part thanks to new counsel, of the factual basis underlying its lawsuit. (Reply at 7.) This is a sufficient basis on which to grant a motion for leave to amend. *See Hi Bar Cap. LLC v. Getter*, No. 22-CV-1743, 2025 WL 2989120, at *8 (E.D.N.Y. Oct. 12, 2025) ("Where the court determines that a party could allege additional facts that would support its claims, leave to amend a complaint should be freely granted." (quotation marks omitted)).

Defendants point out that ZL identifies no newly discovered facts that would justify an amendment to its complaint (Opp. at 13), but a party "need not prove that [it] uncovered new

facts or law in order for [a court] to grant leave to amend." *Affiliated FM Ins. Co. v. Liberty Mech. Contractors, Inc.*, No. 12-CV-5160, 2013 WL 4526246, at *5 (S.D.N.Y. Aug. 27, 2013). Nor is delay, standing alone, an "indici[um] of bad faith." *AT&T Corp. v. Atos IT Sols. & Servs., Inc.*, 714 F. Supp. 3d 310, 340 (S.D.N.Y. 2024); *see also Town of New Windsor v. Tesa Tuck, Inc.*, 919 F. Supp. 662, 676 (S.D.N.Y. 1996) ("[N]either long delay nor the fact that a proposed amendment is motivated by an afterthought of counsel as to the best theory upon which to proceed, by themselves, suffice as reasons for denying leave to amend." (quotation marks omitted)).  And though Defendants suggest that ZL's motion is simply another attempt to cure shortcomings in its complaint raised by Defendants' motions to dismiss (Opp. at 14), "[i]t is the District Court's ruling, not the defendant's arguments in support of a motion to dismiss, that puts a plaintiff on notice of the complaint's deficiencies." *Cresci v. Mohawk Valley Cmty. Coll.*, 693 F. App'x 21, 25 (2d Cir. 2017) (summary order).  In short, contrary to Defendants' assertions, there is no suggestion that ZL filed its motion with a dilatory motive or in bad faith.

Defendants also endeavor to summon from distinguishable cases a blanket rule that the substitution of counsel is categorically insufficient to warrant leave to amend.  (Opp. at 12.)  But none of the cases cited promulgates such an absolute rule.  Instead, the Court in those cases denied leave to amend based on more egregious circumstances than those presented here, including newly unearthed misrepresentations by the plaintiff, as well as motions for leave to amend filed on the eve of trial or past an explicit deadline set by the court.  *See, e.g., MacGregor v. Milost Glob., Inc.*, No. 17-CV-06691, 2019 WL 2453340, at *7 (S.D.N.Y. Apr. 19, 2019), *report and recommendation adopted*, No. 17-CV-6691, 2019 WL 2723522 (S.D.N.Y. July 1, 2019); *Zubulake v. UBS Warburg LLC*, 231 F.R.D. 159, 162 (S.D.N.Y. 2005); *Berkley Assurance Co. v. John H. Fisher, P.C.*, 771 F. Supp. 3d 292, 299 (S.D.N.Y. 2025).  These cases

4

do not bar the Court from granting a motion for leave to amend based on considerations including a substitution of counsel.

In this case, the Court has yet to issue a scheduling order and discovery has not begun. Therefore, this case has "not progressed so far that amending the pleadings at this stage would prejudice the [opposing party] in preparation for trial." *See Xpressions Footwear Corp. v. Peters*, No. 94-CV-6136, 1995 WL 758761, at *4 (S.D.N.Y. Dec. 22, 1995). And though Defendants are correct that their motions to dismiss have been fully briefed and outstanding for over eight months, merely "alleging that the plaintiff could have moved to amend earlier than [it] did . . . is insufficient to demonstrate undue delay." *Francisco v. Abengoa, S.A.*, 559 F. Supp. 3d 286, 312 (S.D.N.Y. 2021) (quotation marks omitted); *cf. Multi Access Ltd. v. Guangzhou Baiyunshan Pharm. Holdings Co.*, No. 20-CV-7397, 2021 WL 5647790, at *1 (S.D.N.Y. Nov. 30, 2021) ("Defendants identify no prejudice they would suffer from having to rebrief the motion to dismiss currently before the Court."). Additionally, while it is true that parties are ordinarily bound by the strategic decisions and arguments of their counsel, it is also true that the law favors decisions on the merits, as reflected in Rule 15(a)'s flexible standard for amendment of pleadings. *See, e.g.*, *Black Radio Network, Inc. v. NYNEX Corp.*, 44 F. Supp. 2d 565, 573 (S.D.N.Y. 1999) (Chin, J.).

Nor is the SAC clearly futile. *See AEP Energy Servs.*, 626 F.3d at 726. While Defendants challenge the timeliness of the SAC's newly asserted DTSA claim and contend that the unfair competition claim is duplicative, these issues are best resolved on a motion to dismiss, should the Defendants choose to renew their motions. As Judge Liman has observed, "[i]t is more prudent, more efficient, and fairer to consider a motion to dismiss on the basis of all of the facts alleged in an amended complaint rather than to consider first the original complaint and

5

then (assuming the Court were to agree with Defendants that that complaint should be dismissed) whether Plaintiff should be granted leave to file an amended complaint." *Multi Access Ltd. v. Guangzhou Baiyunshan Pharm. Holdings Co.*, 20-CV-7397, 2021 WL 5647790, at *1 (S.D.N.Y. Nov. 30, 2021). The same is true of Shield Israel's arguments regarding personal jurisdiction. *See, e.g.*, *Sutton v. Tapscott*, 120 F.4th 1115, 1125 (2d Cir. 2024) ("[A] defendant must normally raise personal jurisdiction as a defense, only after which the plaintiff will be required to show that the court has jurisdiction over the defendant."). The Court therefore declines to deny ZL's motion on this basis.

## IV.    Conclusion

For the foregoing reasons, ZL's motion for leave to file a Second Amended Complaint is GRANTED.

ZL shall file its Second Amended Complaint as a separate entry on the docket within seven days after entry of this order.

Within 21 days after entry of this order, (1) Defendants shall answer, move, or otherwise respond to the Second Amended Complaint, and (2) the parties shall file a proposed case management plan in compliance with this Court's Individual Rules in Civil Cases.

Defendants' pending motions to dismiss are DENIED as moot without prejudice to renewal or refiling.

The Clerk of Court is directed to close the motions at Docket Numbers 56, 58, 62, 65, and 92.

The Clerk of Court is also directed to lift the stay of this case.

SO ORDERED.

Dated: June 25, 2026
    New York, New York

_____
J. PAUL OETKEN
United States District Judge

6