UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| ZL TECHNOLOGIES, INC., Plaintiff, - against - KLDISCOVERY ONTRACK LLC, SHIELD FINANCIAL COMPLIANCE, LTD, SHIELD FINANCIAL COMPLIANCE, INC., and AARON GARDNER, Defendants. | : | 25 Civ. 2673 (JPO) **PROTECTIVE ORDER** |

J. PAUL OETKEN, United States District Judge:

WHEREAS all of the parties to this action (collectively, the "Parties," and individually, a "Party") request that this Court issue a protective order pursuant to Federal Rule of Civil Procedure 26(c) to protect the confidentiality of certain nonpublic and confidential material that will be exchanged pursuant to and during the course of discovery in this case;

WHEREAS, the Parties, through counsel, agree to the following terms;

WHEREAS, the Parties acknowledge that this Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords only extends to the limited information or items that are entitled, under the applicable legal principles, to confidential treatment;

WHEREAS, the Parties further acknowledge that this Protective Order does not create entitlement to file confidential information under seal; and

WHEREAS, in light of these acknowledgements, and based on the representations of the Parties that discovery in this case will involve confidential documents or information the public disclosure of which will cause harm to the producing person and/or third party to whom a duty of confidentiality is owed, and to protect against injury caused by dissemination of confidential documents and information, this Court finds good cause for issuance of an appropriately tailored confidentiality order governing the pretrial phase of this action;

IT IS HEREBY ORDERED that any person subject to this Protective Order—including without limitation the parties to this action, their representatives, agents, experts and consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Protective Order—shall adhere to the following terms:

1. Any person subject to this Protective Order who receives from any other person subject to this Protective Order any "Discovery Material" (i.e., information of any kind produced or disclosed pursuant to and in the course of discovery in this action) that is designated

as "Confidential" pursuant to the terms of this Protective Order (hereinafter "Confidential Discovery Material") shall not disclose such Confidential Discovery Material to anyone else except as expressly permitted hereunder.

2. The person producing any given Discovery Material may designate as Confidential only such portion of such material the public disclosure of which is either restricted by law or will cause harm to the business, commercial, financial or personal interests of the producing person and/or a third party to whom a duty of confidentiality is owed and that consists of:

(a) previously nondisclosed financial information (including without limitation profitability reports or estimates, percentage fees, design fees, royalty rates, minimum guarantee payments, sales reports, and sale margins);

(b) previously nondisclosed material relating to ownership or control of any non-public company;

(c) previously nondisclosed business plans, product development information, or marketing plans;

(d) any information of a personal or intimate nature regarding any individual; or

(e) any other category of information hereinafter given confidential status by the Court.

3. With respect to the Confidential portion of any Discovery Material other than deposition transcripts and exhibits, the producing person or that person's counsel may designate such portion as "Confidential" by: (a) stamping or otherwise clearly marking as "Confidential" the protected portion in a manner that will not interfere with legibility or audibility; and (b) producing for future public use another copy of said Discovery Material with the confidential information redacted.

4. With respect to deposition transcripts, a producing person or that person's counsel may designate such portion as Confidential either by (a) indicating on the record during the deposition that a question calls for Confidential information, in which case the reporter will bind the transcript of the designated testimony (consisting of question and answer) in a separate volume and mark it as "Confidential Information Governed by Protective Order"; or (b) notifying the reporter and all counsel of record, in writing, within 30 days after a deposition has concluded, of the specific pages and lines of the transcript and/or the specific exhibits that are to be designated Confidential, in which case all counsel receiving the transcript will be responsible for marking the copies of the designated transcript or exhibit (as the case may be), in their possession or under their control as directed by the producing person or that person's counsel by the reporter. During the 30-day period following the conclusion of a deposition, the entire deposition transcript will be treated as if it had been designated Confidential.

5. If at any time prior to the trial of this action, a producing person realizes that some portion(s) of Discovery Material that she, he, or it had previously produced without limitation should be designated as Confidential, she, he, or it may so designate by so apprising

all prior recipients of the Discovery Material in writing, and thereafter such designated portion(s) of the Discovery Material will thereafter be deemed to be and treated as Confidential under the terms of this Protective Order.

6. No person subject to this Protective Order other than the producing person shall disclose any of the Discovery Material designated by the producing person as Confidential to any other person whomsoever, except to:

(a) the Parties to this action, their insurers, and counsel to their insurers;

(b) counsel retained specifically for this action, including any paralegal, clerical and other assistant employed by such counsel and assigned to this matter;

(c) outside vendors or service providers (such as copy-service providers and document-management consultants, graphic production services or other litigation support services) that counsel hire and assign to this matter, including computer service personnel performing duties in relation to a computerized litigation system;

(d) any mediator or arbitrator that the Parties engage in this matter or that this Court appoints, provided such person has first executed an Acknowledgment and Agreement to be Bound in the form annexed as Exhibit A hereto;

(e) as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

(f) any witness who counsel for a Party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed an Acknowledgment and Agreement to be Bound in the form annexed as Exhibit A hereto;

(g) any person retained by a Party to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed an Acknowledgment and Agreement to be Bound in the form annexed as Exhibit A hereto;

(h) stenographers engaged to transcribe depositions conducted in this action; and

(i) this Court, including any appellate court, and the court reporters and support personnel for the same.

7. In addition to the "Confidential" designation, a producing person may designate as "Highly Confidential – Attorneys' Eyes Only" that portion of Confidential Discovery Material the disclosure of which to another Party or third party would create a substantial risk of serious harm that could not be avoided by less restrictive means, such as previously nondisclosed trade secrets; competitively sensitive pricing, cost, margin, or profit information; nonpublic strategic, marketing, or business-planning information; and nonpublic technical, research, design, or product-development information. A producing person may further designate as "Highly Confidential – Source Code" that portion of Confidential Discovery Material comprising or including confidential, proprietary, or trade-secret computer source code

and associated comments and revision histories, formulas, engineering specifications, or schematics that define or describe in detail the algorithms or structure of software or hardware designs. Material may be designated under either tier using the same procedures set forth in paragraphs 3, 4, and 5 above, except that the producing person shall affix the legend "Highly Confidential – Attorneys' Eyes Only" or "Highly Confidential – Source Code," as applicable, in place of the "Confidential" legend. Except as otherwise provided in paragraphs 8 through 10 below, all provisions of this Protective Order governing "Confidential" Discovery Material apply with equal force to material designated under these more restrictive tiers.

8. No person subject to this Protective Order other than the producing person shall disclose Discovery Material designated "Highly Confidential – Attorneys' Eyes Only" or "Highly Confidential – Source Code" to any person whomsoever, except to:

(a) outside counsel retained specifically for this action, including any paralegal, clerical, and other assistant employed by such counsel and assigned to this matter, but not to the Parties themselves or to any officer, director, employee, or in-house or house counsel of a Party;

(b) outside vendors or service providers described in subparagraph 6(c) above that counsel hire and assign to this matter;

(c) any person retained by a Party to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided that such person is not a current officer, director, or employee of a Party or of a Party's competitor, has first executed an Acknowledgment and Agreement to be Bound in the form annexed as Exhibit A hereto, and has been approved through the procedure set forth in paragraph 9 below;

(d) as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

(e) stenographers and court reporters engaged to transcribe depositions conducted in this action; and

(f) this Court, including any appellate court, and the court reporters and support personnel for the same.

9. Documents designated "Highly Confidential – Attorneys' Eyes Only " must be produced as separate load files, distinct from documents not so designated, a separation that ensures that no Party — to the extent it provides eDiscovery or litigation support services on its own, as opposed to through eDiscovery service providers retained by counsel — uploads, processes, hosts, or otherwise provides technical support concerning those categories of documents.

10. Before disclosing any Discovery Material designated "Highly Confidential – Attorneys' Eyes Only" or "Highly Confidential – Source Code" to a proposed expert or consultant under subparagraph 8(d) above, the Party seeking to make the disclosure shall first serve written notice on counsel for the designating person identifying the proposed expert by full name, city and state of residence, and current employer, attaching the proposed expert's current curriculum vitae, identifying each person or entity for whom the proposed expert has provided

services during the preceding three years, and identifying any litigation in which the proposed expert has offered testimony during the preceding three years. Within 5 days after service of the notice, the designating person may object to the disclosure by serving a written objection that states with particularity the grounds for the objection. The Parties shall promptly meet and confer in good faith to resolve the objection. If the objection is not resolved, the Party seeking to make the disclosure may address the dispute to this Court in accordance with this Court's Individual Rules and Practices in Civil Cases, and no disclosure of the designating person's "Highly Confidential – Attorneys' Eyes Only" or "Highly Confidential – Source Code" material shall be made to the proposed expert unless and until the objection is withdrawn or the Court so orders. The person objecting to the disclosure shall bear the burden of showing that the risk of harm from the disclosure outweighs the receiving Party's need to disclose the material to the proposed expert.

11. Discovery Material designated "Highly Confidential – Source Code" shall be subject to all of the protections afforded to "Highly Confidential – Attorneys' Eyes Only" material, may be disclosed only to the persons identified in paragraph 8 above (other than the Parties), and shall be subject to the following additional protections:

(a) Any source code produced in discovery shall be made available for inspection in a format allowing it to be reasonably reviewed and searched, during normal business hours or at other mutually agreeable times, on a secured, standalone computer in a secured room without Internet or other network access, at the office of the producing person's counsel or another mutually agreed location. The receiving person shall not copy, remove, or otherwise transfer any portion of the source code onto any recordable media or device, and the producing person may visually monitor the review solely to ensure that there is no unauthorized copying or transmission of the source code.

(b) The receiving person may request paper copies of limited portions of the source code that are reasonably necessary for the preparation of court filings, pleadings, expert reports, depositions, or trial, but shall not request paper copies for the purpose of reviewing the source code other than electronically in the first instance. The producing person shall produce such portions in paper form bearing Bates numbers and the legend "Highly Confidential – Source Code."

(c) The receiving person shall maintain all paper copies of any printed portions of the source code in a secured, locked area, shall maintain a record of each individual who has inspected any portion of the source code in electronic or paper form, and shall not create any electronic image of the paper copies or convert the information contained in them into any electronic format.

(d) Absent the written consent of the producing person, any person that accesses and reviews information that is designated "HIGHLY CONFIDENTIAL – SOURCE CODE", shall not be involved, directly or indirectly in any of the following activities until two (2) years after the final resolution of this action, including any appeals:

i. advising on, consulting on, preparing, prosecuting, drafting, editing, and/or amending of patent applications, specifications, claims, and/or responses to office actions, or otherwise affecting the scope of claims in patents or patent

applications relating to the following fields of use: data analytics, data storage and management, and data visualization (the "Fields of Use").

ii. the acquisition of patents (including patent applications), or the rights to any such patents or patent applications with the right to sublicense, relating to the Fields of Use.

Notwithstanding the foregoing and for the purposes of clarity, nothing in this subparagraph would prevent a counsel that has accessed or reviewed "HIGHLY CONFIDENTIAL – SOURCE CODE" information under this Protective Order from participating in *Inter Partes* Review Proceedings at the Patent Trial and Appeal Board relating to the Fields of Use, provided that such participation does not include direct involvement (including consulting) in drafting or amending of patent claims in connection with submission of conditional or non-conditional motions to amend during such proceeding.

12. Prior to any disclosure of any Confidential Discovery Material to any person referred to in subparagraphs 6(c), 6(d), 6(f) or 6(g) above, such person shall be provided by counsel with a copy of this Protective Order and shall sign an Acknowledgment and Agreement to be Bound in the form annexed as Exhibit A hereto stating that that person has read this Protective Order and agrees to be bound by its terms. Said counsel shall retain each signed Acknowledgment and Agreement to be Bound, hold it in escrow, and produce it to opposing counsel either prior to such person being permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first.

13. Any Party who objects to any designation of confidentiality may at any time prior to the trial of this action serve upon counsel for the designating person a written notice stating with particularity the grounds of the objection. If the Parties cannot reach agreement promptly, counsel for all Parties will address their dispute to this Court in accordance with this Court's Individual Rules and Practices in Civil Cases.

14. Any Party who requests limits on disclosure greater than those otherwise provided by this Protective Order may at any time prior to the trial of this action serve upon counsel for the receiving Party a written notice stating with particularity the grounds for the request. If the Parties cannot reach agreement promptly, counsel for all Parties will address their dispute to this Court in accordance with this Court's Individual Rules and Practices in Civil Cases.

15. A Party may be requested to produce Discovery Material that is subject to contractual or other obligations of confidentiality owed to a third party. Within two business days of receiving the request, the receiving Party subject to such obligation shall inform the third party of the request and that the third party may seek a protective order or other relief from this Court. If neither the third party nor the receiving Party seeks a protective order or other relief from this Court within 21 days of that notice, the receiving Party shall produce the information responsive to the discovery request but may affix the appropriate controlling designation.

16. Recipients of Confidential Discovery Material under this Protective Order may use such material solely for the prosecution and defense of this action and any appeals

thereto, and specifically (by way of example and not limitations) may not use Confidential Discovery Material for any business, commercial, or competitive purpose. Nothing contained in this Protective Order, however, will affect or restrict the rights of any person with respect to its own documents or information produced in this action. Nor does anything contained in this Protective Order limit or restrict the rights of any person to use or disclose information or material obtained independently from and not through or pursuant to the Federal Rules of Civil Procedure.

17. Nothing in this Protective Order will prevent any person subject to it from producing any Confidential Discovery Material in its possession in response to a lawful subpoena or other compulsory process, or if required to produce by law or by any government agency having jurisdiction, provided, however, that such person receiving a request, will provide written notice to the producing person before disclosure and as soon as reasonably possible, and, if permitted by the time allowed under the request, at least 5 days before any disclosure. Upon receiving such notice, the producing person will have the right to oppose compliance with the subpoena, other compulsory process, or other legal notice if the producing person deems it appropriate to do so.

18. All persons seeking to file redacted documents or documents under seal with the Court shall comply with this Court's Individual Rules and Practices in Civil Cases. No person may file with the Court redacted documents or documents under seal without first seeking leave to file such papers. All persons producing Confidential Discovery Material are deemed to be on notice that the Second Circuit puts limitations on the documents or information that may be filed in redacted form or under seal and that the Court retains discretion not to afford confidential treatment to any Confidential Discovery Material submitted to the Court or presented in connection with any motion, application or proceeding that may result in an order and/or decision by the Court unless it is able to make the specific findings required by law in order to retain the confidential nature of such material. Notwithstanding its designation, there is no presumption that Confidential Discovery Material will be filed with the Court under seal. The Parties will use their best efforts to minimize such sealing.

19. All persons are hereby placed on notice that the Court is unlikely to seal or otherwise afford confidential treatment to any Discovery Material introduced in evidence at trial or supporting or refuting any motion for summary judgment, even if such material has previously been sealed or designated as Confidential.

20. Any Party filing a motion or any other papers with the Court under seal shall also publicly file a redacted copy of the same, via the Court's Electronic Case Filing system, that redacts only the Confidential Discovery Material itself, and not text that in no material way reveals the Confidential Discovery Material.

21. Each person who has access to Discovery Material that has been designated as Confidential shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

22. Any Personally Identifying Information ("PII") (*e.g.*, social security numbers, financial account numbers, passwords, and information that may be used for identity theft)

exchanged in discovery shall be maintained by the persons who receive such information and are bound by this Protective Order in a manner that is secure and confidential. In the event that the person receiving PII experiences a data breach, she, he, or it shall immediately notify the producing person of the same and cooperate with the producing person to address and remedy the breach. Nothing herein shall preclude the producing person from asserting legal claims or constitute a waiver of legal rights or defenses in the event of litigation arising out of the receiving person's failure to appropriately protect PII from unauthorized disclosure.

23. Handling and Return of Privileged Material (FRE 502(d)).

(a) This Protective Order is entered pursuant to Rule 502(d) of the Federal Rules of Evidence. Subject to the provisions of this Protective Order, if a Party (the "Disclosing Party") discloses information in connection with this action that the Disclosing Party thereafter claims to be privileged or protected by the attorney-client privilege or attorney work product protection ("Privileged Material"), the disclosure of that Privileged Material will not constitute or be deemed a waiver or forfeiture—in this or any other action—of any claim of privilege or work product protection that the Disclosing Party would otherwise be entitled to assert with respect to the Privileged Material and its subject matter. The provisions of Federal Rule of Evidence 502(b) are inapplicable to the disclosure of Privileged Material under this Protective Order. This Protective Order shall be interpreted to provide the maximum protection allowed under applicable law.

(b) The process for handling and return of disclosed Privileged Material shall be as follows: If the Disclosing Party has disclosed or made available to a party (the "Receiving Party") information it claims to be Privileged Material, the Disclosing Party may notify the Receiving Party of its claim and the basis for it ("Privileged Material Notice"). Upon such notification, the Receiving Party must:

i. take reasonable efforts pursuant to Rule 26 of the Federal Rules of Civil Procedure to promptly return, sequester, or destroy the Privileged Material, any reasonably accessible copies it has, and any work product reflecting the contents of the Privileged Material;

ii. not use or disclose the information until the privilege claim is resolved; and

iii. take reasonable steps to retrieve the information if the Receiving Party disclosed it to any other person or entity before receiving notice.

(c) For purposes of this Protective Order, Privileged Material that is not reasonably accessible because of undue burden or cost is sequestered.

(d) Upon the request of the Disclosing Party, the Receiving Party shall provide a certification to the Disclosing Party that it has undertaken the foregoing efforts, and that it will cease further review, dissemination, and use of the Privileged Material.

(e) The process for contesting a claim that information is Privileged Material shall be as follows:

i. If the Receiving Party contests the claim of information as being Privileged Material, the Receiving Party must, within seven (7) days of receipt of the

Privileged Material Notice, notify the Disclosing Party in writing of the Receiving Party's objection.

ii. Any objection to a Privileged Material Notice shall be made exclusively on the basis of information provided to the objecting party in the Privileged Material Notice, and shall not refer, quote, cite, or otherwise use any Privileged Material.

iii. Following the receipt of such an objection, the objecting party and the Disclosing Party shall meet and confer in an effort to resolve any disagreement regarding the Disclosing Party's designation of the material as privileged or protected.

iv. If the parties cannot resolve their disagreement, then the Receiving Party may promptly present the issue to the Court for a determination of the Disclosing Party's claim of privilege or protection by submitting any document(s) in dispute under seal in compliance with Fed. R. Civ. P. 26(b)(5)(B). Any Party making a motion to the Court for an order compelling disclosure of the information claimed as unprotected must not assert as a ground for compelling disclosure the fact or circumstances of the disclosure.

v. While any such application is pending, the Privileged Material subject to that application will be treated as privileged until the Court rules. If the Court determines that the material at issue is privileged or protected, the Receiving Party must comply with the requirements of subparagraph 2(b).

vi. If the Receiving Party, after making an objection to the Disclosing Party, does not apply to the court for a ruling on the designation of the Privileged Material at issue as privileged or protected within thirty (30) days from the receipt of the Privileged Material Notice (regardless of whether parties met and conferred on the subject), or such later date as the Disclosing Party and the Receiving Party may agree, the Discovery Materials in question shall be deemed privileged or protected, in which case the Receiving Party must comply with the requirements of subparagraph 2(b).

vii. The Disclosing Party retains the burden of establishing the privileged or protected nature of the Privileged Material.

viii. The Disclosing Party must preserve the information until the claim is resolved.

ix. The parties may stipulate to extend the time periods set forth in paragraphs (a) and (f).

(f) Nothing in this Protective Order overrides any attorney's ethical responsibilities to refrain from examining or disclosing materials that the attorney knows or reasonably should know to be privileged and to inform the Disclosing Party that such materials have been produced.

(g) Nothing in this Protective Order limits the right of any Party to petition the Court for an in camera review of the Privileged Information.

(h) This Protective Order does not preclude a Party from intentionally voluntarily waiving the attorney-client privilege or work product protection. Where a Party makes such a voluntary waiver, the provisions of Federal Rule of Evidence 502(a) apply.

24. Use of Artificial Intelligence Tools

(a) Scope: To protect the confidentiality and security of all information disclosed or produced in this proceeding ("Discovery Information"), any Party receiving Discovery Information from another Party ("Receiving Party") shall comply with the following requirements governing the use of artificial intelligence ("AI") tools with such information.

(b) Permitted AI Use: A Receiving Party may use AI tools to process Discovery Information solely for purposes of this proceeding, provided that the AI tool and its use collectively satisfy all of the following requirements:

i. Restricted, Enterprise Environment: The AI tool is used pursuant to a written enterprise or professional agreement and is deployed within a secure, access-controlled environment.

ii. No Model Training or External Use: Discovery Information is not used to train, fine-tune, improve, develop, benchmark, or otherwise contribute to any AI model or service accessible outside the Receiving Party's environment, except to the limited extent necessary to provide the requested functionality for this proceeding.

iii. Data Retention and Deletion: Within 30 days after final disposition of this action, Discovery Information retained by the AI tool shall be destroyed or caused to be destroyed to the extent reasonably possible.

iv. Security Safeguards: The AI tool is subject to technical and contractual safeguards reasonably designed to protect Discovery Information against unauthorized access, use, or disclosure, including encryption in transit and at rest and appropriate access controls.

(c) No Backdoor Access: Nothing in Section 23 permits a Party, Agent, Expert, or other person that is not able to access Confidential Discovery Information or Highly Confidential – Attorneys' Eyes Only Information under this Order to use AI tools to query, analyze, search or otherwise process such information.

(d) Responsibility and Attribution: Each Receiving Party is responsible for compliance with this Order by its counsel, experts, consultants, vendors, or other agents using AI tools on its behalf.

(e) **Attorney Work Product:** Use of an AI tool shall not waive or diminish any applicable privilege or work-product protection, and prompts, instructions, workflows, chat

histories, and outputs shall be treated the same as analogous attorney work product created without the use of AI tools.

25. This Protective Order shall survive the termination of the litigation. Within 30 days after the final disposition of this action, all Discovery Material designated as "Confidential," and all copies thereof, shall be promptly returned to the producing person, or, upon permission of the producing person, destroyed.

26. All persons subject to this Protective Order acknowledge that willful violation of this Protective Order could subject them to punishment for contempt of Court. This Court shall retain jurisdiction over all persons subject to this Protective Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

SO STIPULATED AND AGREED.

Dated: New York, New York
September 15, 2026

/s/ *John G. McCarthy*

John G. McCarthy
Smith, Gambrell & Russell, LLP
*Attorney for Plaintiff*

/s/ *Joshua Hill*

Joshua Hill
Paul, Weiss, Rifkind, Wharton & Garrison LLP
*Attorney for Defendant*
*KLDiscovery Ontrack, LLC*

/s/ *Yoav M. Griver*

Yoav M. Griver
Zeichner Ellman & Krause LLP
*Attorney for Defendants*
*Shield Financial Compliance, Ltd. and Shield Financial Compliance, Inc.*

/s/ *Hannah Sholl*

Hannah Sholl
Grove Law LLP
*Attorney for Defendant*
*Aaron Gardner*

Dated: New York, New York
September 16, 2026

SO ORDERED

J. PAUL OETKEN
United States District Judge

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, ______________________________ [print or type full name], of _________________ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Protective Order that was issued by the United States District Court for the Southern District of New York on [date]__________ in the case of 25 Civ. 2673 (JPO). I agree to comply with and to be bound by all the terms of this Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of enforcing the terms of this Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint ___________________________ [print or type full name] of ________________________________________ [print or type full address and telephone number] as my New York agent for service of process in connection with this action or any proceedings related to enforcement of this Protective Order.

Date: __________________________________

City and State where signed: __________________________________

Printed name: _______________________________

Signature: ___________________________________